UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1)   JEFFREY D. JOHNSON, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:CIV-17-1358-SLP |
| | ) | *(formerly Garvin County District* |
| 2)   PROGRESSIVE INSURANCE | ) | *Court Case No.: CJ-2017-178)* |
|       COMPANY [SIC], | ) | |
| | ) | |
|       Defendant. | ) | |

## DEFENDANT PROGRESSIVE NORTHERN
## INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance Company ("Progressive Northern")[1], the real party defendant in interest, hereby removes the above-captioned action from the District Court of Garvin County, State of Oklahoma, to this Court.  In accordance with LCvR 81.2, a copy of the state court docket sheet, as well as all documents filed or served in the state court action, are attached hereto as **EXHIBITS 1-2**.

The removal of this case to federal court is based on the following:

---

[1] "Progressive Insurance Company" is a non-existent entity. Plaintiff was insured through a policy issued by Progressive Northern Insurance Company.  (*See* ¶ 2, *infra*.)  Thus, as discussed below, Progressive Northern Insurance Company, the real party defendant in interest, may remove this case before it is named as a defendant.

### FACTUAL BACKGROUND

1.      This action arises from a 2015 motor vehicle accident involving Plaintiff, Jeffrey Johnson ("Plaintiff"), and non-party Justin Rogers ("the tortfeasor").  (*See* Petition, ¶ 3, **EXHIBIT 2**.)

2.      At the time of the accident, Plaintiff was insured under an automobile insurance policy issued by Progressive Northern, Policy No. 18458239 (the "Policy").  The Policy provides uninsured/underinsured motorist ("UM") coverage in the amount of $25,000.00 per person/$50,000.00 per accident. (*See* Declarations Page for Policy No. 18458239, **EXHIBIT 3**.)

3.      Following his accident with the tortfeasor, Plaintiff filed a claim with Progressive Northern seeking to recover UM benefits under his Policy.  (*See* Petition, ¶ 3, **EXHIBIT 2**.)

4.      On December 11, 2017, Plaintiff filed the present action in the District Court for Garvin County, State of Oklahoma, alleging that Progressive Northern breached the contract of insurance and did so in bad faith.  (*See* Petition, ¶¶ 3-4, **EXHIBIT 2**.)

5.      Plaintiff seeks breach of contract damages against Progressive Northern in the amount of $25,000.00, along with punitive damages "in excess of $25,000.00" for Progressive's alleged bad faith.  (*See* Petition, ¶ 8, **EXHIBIT 2**.)

6.      To date, Plaintiff has not obtained service on Progressive Northern.  (*See* OSCN Docket Sheet, **EXHIBIT 1**.)

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

7.     "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . '" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331-1332.

8.     At the time Plaintiff's Petition was filed, federal question jurisdiction did not exist.  Specifically, there are no allegations that the Constitution or any federal statute has been violated. (*See generally* Petition, **EXHIBIT 2**.)

9.     However, as of the moment Plaintiff filed his lawsuit, there existed diversity jurisdiction.  As shown below, pursuant to 28 U.S.C. § 1332(a)(1), this action is a civil action over which this Court has original jurisdiction.  It is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma.  (*See* Petition, ¶ 1, **EXHIBIT 2**; Declarations Page for Progressive Northern Policy No. 18458239, **EXHIBIT 3**.)

11.     As noted above, Plaintiff's Petition names "Progressive Insurance Company" as the defendant.  However, Progressive Insurance Company is a non-existent entity.  Thus, the Court may properly disregard Progressive Insurance Company for purposes of complete diversity of citizenship.  *Davis v. OneBeacon Ins. Group.*, 721 F. Supp.2d 329, 337 (D.N.J.

2010) ((“Because the court concludes, based on the record before it, that OneBeacon is a non-existent entity, removal to this Court need not depend upon OneBeacon's participation, consent or citizenship.”); *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, No. 09-954-GMP, 2009 WL 4506298, at \*2 (S.D. Ill. Nov. 26, 2009) (“‘[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, **nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship**.’”) (emphasis added); *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900 (5th Cir. 1975) (noting that district court denied motion to remand because named defendant “was only a trade name and not a legal entity”); *Schwartz v. CNA Ins. Co.*,1:04CV1749, 2005 WL 3088570, at \*4 (N.D. Ohio Nov. 17, 2005) (denying motion to remand because named defendants were trade names for conglomerate of insurance companies and real parties in interest were insurance companies identified in insurance contracts).

12.     Plaintiff's insurance policy was issued by Progressive Northern.  (*See* Declarations Page for Progressive Northern Policy No. 18458239, **EXHIBIT 3**.)  Accordingly, Progressive Northern is the “real party defendant in interest.”  *See Schwartz*, 2005 WL 3088570, at \*4 (“[T]he contracts of insurance unequivocally identify the insurers as Pacific, Great Northern, and Transcontinental.  Therefore, it is clear the real parties in interest are Pacific, Great Northern, and Transcontinental[.]”); *Hillberry v. Wal-Mart Stores East, L.P.*, CIV.A.3:05CV-63-H, 2005 WL 1862087, at \*2 (W.D. Ky Aug. 3, 2005)(“‘A real party in

interest defendant is one who, by the substantive law, has the duty sought to be enforced or

enjoined.'" (quoting *Rose v. Giamatti*, 721 F. Supp. 906 (S.D. Ohio 1989)).

13.     As the United States Court of Appeals for the Second Circuit recently

explained:

> The real party defendant in interest is not only entitled to
> remove, but, if it seeks removal, it must act promptly because
> the 30–day interval in which it is permitted to do so, *see* 28
> U.S.C. § 1446(b) (2013), begins when it is "on notice that the
> wrong company defendant has been named." *Hillberry*, 2005
> WL 1862087, at *1; *see Ware v. Wyndham Worldwide Inc.*, Civ.
> No. 09–6420, 2010 WL 2545168, at *2 (D.N.J. June 18, 2010)
> (30–day interval started when real defendant accepted service of
> complaint, although complaint named non-existent entity).
>
> The unstated premise of all of these decisions, with which we
> fully agree, is that the concept of a "real party defendant in
> interest" is not only entirely valid, it is an important aspect of
> removal jurisprudence, despite the absence of the phrase from
> Rule 17 or elsewhere in the Federal Rules of Civil Procedure.

*La Russon v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96-97 (2nd Cir. 2014).

14.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen

of any State by which it has been incorporated and the State where it has its principal place

of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place

of business," the Supreme Court has held that a corporation's principal place of business is

presumed to be the place of the corporation's "nerve center."  *Hertz Corp. v. Friend*, 559

U.S. 77, 80-81 (2010).

15.     At the time of filing, Progressive Northern, the real party defendant in interest, was a foreign corporation, incorporated under the laws of the State of Wisconsin with its "nerve center" or "principal place of business" in Ohio.  (*See* Annual Statement of Progressive Northern Insurance Company, **EXHIBIT 4**.)  Thus, Progressive Northern is deemed to be a citizen of the States of Wisconsin and Ohio.  Progressive Northern is not a citizen of the State of Oklahoma.

16.     As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

17.     Diversity jurisdiction also requires the amount in controversy to exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  This requirement is also met.  Plaintiff's Petition, on its face, states that Plaintiff is seeking his UM limits of $25,000.00, as well as punitive damages for bad faith "in excess of $25,000.00."[2]  However, it is well

---

[2] Curiously, although Plaintiff demands punitive damages for Progressive Northern's alleged bad faith, **the Petition does not state the amount Plaintiff seeks in *actual damages* for his bad faith claim**.  Furthermore, Plaintiff's Petition does not comply with Oklahoma's Pleading Code. Title 12 O.S. § 2008 provides:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code shall . . . set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code, except in actions sounding in contract.  **Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to § 1332 of Title 28**

recognized that a plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan v. Gay*, 471 F.3d 469, 477 (3rd Cir. 2006). In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), the Unites States Supreme Court held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See also Coco-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F. Supp.2d 1280, 1285 (D. Kan. 2002); *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed.Appx. 775, 776 (10th Cir. 2005) (unpublished) (*abrogated* on other grounds) (stating removal is proper if the defendant identifies "allegations in the petition establishing the amount in controversy or 'set forth in the notice of removal itself, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,000.00 [now $75,000.00].'").

18.     As this Court has previously explained, "the United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073,

---

**of the United States Code or less shall specify the amount of such damages sought to be recovered.**

at *3 (N.D. Okla. Feb. 13, 2015) ("It is seemingly simple for plaintiff to state that she seeks damages in excess of, or not in excess of, the amount required for diversity jurisdiction, as she was statutorily required to do under Okla. Stat. Tit. 12, §§ 2008 and 2009, but she has not done so.").

19.     If the plaintiff contests the defendant's allegation concerning the amount in controversy, "28 U.S.C. § 1446(c)(2)(B) instructs that '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart,* 135 S. Ct. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)) (alterations in original).  When a plaintiff challenges the amount in controversy alleged by the defendant, "both sides submit proof and the court decides" whether the requirement has been satisfied. *Id.* at 554.

20.     Although Plaintiff's Petition does not expressly state he is seeking in excess of $75,000.00, it is clear that the amount in controversy exceeds that required for diversity jurisdiction.  As explained above, Plaintiff's Petition seeks $25,000.00 in damages for breach of contract (his UM limits), as well as "in excess of $25,000.00" in punitive damages for bad faith.  But, Plaintiff's Petition fails to include the amount of *actual damages* he is seeking on this bad faith claim.  Under Oklahoma law, Plaintiff **must** seek actual damages for bad faith if he seeks punitive damages for bad faith.  *See Rodebush By & Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, ¶ 21, 867 P.2d 1241, 1247 (explaining that

a "plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages"); *see also* OKLA STAT. tit 23, § 9.1(B)(2) (explaining that a jury may award punitive damages for an insurer's bad faith only if the jury has awarded actual damages).

21.     Here, Plaintiff is obviously seeking significant actual damages in connection with his bad faith claim, even though he has not stated an exact amount.  This is evidenced by the serious allegations in Plaintiff's Petition, which state that Plaintiff suffers from "extreme pain" to this day, has incurred medical bills, has lost time from work, has suffered a decline in his marital relationship, and could require future surgical intervention to address his injuries.  (*See* Petition, ¶¶ 4-7, **EXHIBIT 2**.)

22.     Oklahoma's Uniform Jury Instruction regarding bad faith damages provides:

> In fixing the amount you will award [for bad faith] you may consider the following elements:
>
> 1. Financial losses;
> 2. Embarrassment and loss of reputation; and
> 3. Mental pain and suffering.

(OKLA. UNIF. JURY. INSTR. NO. 22.4.)

It is inconceivable that Plaintiff would be seeking less than $25,000.00 in actual damages for bad faith.  Adding these actual damages to the "greater than $50,000.00" sought in Plaintiff's Petition, the amount in controversy clearly exceeds $75,000.00.  As this Court is well aware, awards in bad faith lawsuits for unspecified amounts of damages routinely exceed $75,000.00, exclusive of interest and costs.

23.     To be sure, case law makes clear that when punitive damages are alleged, the Court may consider those damages in determining whether the amount in controversy requirement has been met.  The Seventh Circuit has explained:

> [w]here punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary.  The first question is whether punitive damages are recoverable as a matter of state law.  If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *see also Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Woodmen of World Life Ins. Soc'y v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2nd Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal

jurisdiction existed); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir. 1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408 at *3 (W.D. Okla. Nov. 16, 2009); *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp.2d 1191, 1198 (N.D. Okla. 2004).

24.     The Northern District of Oklahoma case *Singleton v. Progressive Direct Insurance Company*, 49 F. Supp.3d 988 (N.D. Okla. 2014), is particularly instructive here. In *Singleton*, the plaintiff was involved in an automobile accident and sought UM benefits from her insurer.  The plaintiff submitted a claim to her insurer and demanded policy limits. *Id.* at 990.  After investigating and evaluating her claim, the plaintiff's insurer tendered the policy limits of her UM coverage. *Id.*  Despite the tender of policy limits, the plaintiff filed a petition in Tulsa County District Court alleging claims for breach of contract and bad faith. *Id.*  The plaintiff also sought punitive damages.  As in this case, the plaintiff did not make a demand for a specific sum. *Id.*  Instead, the plaintiff alleged that she suffered damages in excess of $10,000.00. *Id.*

25.     When the plaintiff continued to pursue her claims against her insurer, the insurer timely removed the action.  The insurer asserted the plaintiff's policy limits demand combined with her request for punitive damages demonstrated to a preponderance of the evidence that she sought to recover in excess of $75,000.00. *Id.* at 993.  The plaintiff moved to remand the case.  The court denied the plaintiff's motion. *Id.* at 993-94.  In doing so, the court concluded:

> Considering the petition and notice of removal together, the court finds that [the insurer] has not merely offered a "conclusory statement" involving punitive damages, but has affirmatively established that the amount in controversy exceeds the jurisdictional limit. Where [the plaintiff] asked for actual damages exceeding $10,000, a punitive damages award of $65,000 or more would reach the jurisdictional threshold. This would require no more than a single-digit ratio of punitive damages to actual damages, even after [the insurer] deflated the denominator with a $100,000 payment just prior to the initiation of this action. [The plaintiff's] petition, meanwhile, alleges that [the insurer] failed to properly investigate her claim, delayed payments or withheld them altogether, and used its unequal bargaining position to overwhelm and take advantage of her, though it knew that she was entitled to receive $100,000 in UIM benefits under her policy. **These allegations supply the required facts supporting [the insurer's] assertion that <u>the value of [the plaintiff's] claim for punitive damages</u> exceeds the amount required to surpass the jurisdictional threshold.**

*Id.* at 994 (emphasis added).

26.     In other words, the *Singleton* court held that the amount in controversy requirement was met where plaintiff requested "actual damages exceeding $10,000.00" and unspecified punitive damages. Here, Plaintiff seeks $25,000.00 for his breach of contract claim, unspecified actual damages for his bad faith claim, and "in excess of $25,000.00" for his punitive damages claim. If the jurisdictional threshold was surpassed in *Singleton*, it is <u>**certainly**</u> surpassed here. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("A complaint that presents a combination of facts and theories of recovery that <u>**may**</u> support a claim in excess of $75,000 can support removal.") (emphasis added); *see also Murchinson v. Progressive Northern Insurance Co.*, 564 F. Supp.2d 1311, 1316 (E.D. Okla. 2008) ("[M]any cases are just like this one: the plaintiff *knows* the amount sought exceeds

$75,000.00. The defendant *knows* the amount sought exceeds $75,000.00. The court *knows* the amount sought exceeds $75,000.00. Indeed, the court *knows* that the parties themselves know it.")

27.     From the foregoing, Progressive Northern has not only submitted "a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but it is likely that even Plaintiff knows the value of his claims exceeds $75,000.00. Therefore, the amount in controversy requirement is met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

28.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court. Plaintiff's Petition was filed in the District Court of Garvin County on December 11, 2017. (*See* Petition, **EXHIBIT 2**.) As such, thirty days have not elapsed since the commencement of this action.

29.     Moreover, Progressive Northern (the only Defendant in this action) is not a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Rather, as demonstrated above, Progressive Northern is a citizen of Wisconsin and Ohio.

30.     This action has been removed to the proper Federal District Court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). This action is currently pending in the District Court of Garvin County, State of Oklahoma. Garvin County is situated in the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

31.     Pursuant to 28 U.S.C. § 1446(d), Progressive Northern will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive Northern has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Garvin County.

WHEREFORE, Defendant, Progressive Northern Insurance Company, the real party defendant in interest, removes this action from the District Court in and for Garvin County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

*s/ Brad L. Roberson*
Brad L. Roberson, OBA No. 18819
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
Email:        brad@pclaw.org
**ATTORNEYS FOR REAL PARTY**
  **DEFENDANT IN INTEREST,**
  **PROGRESSIVE NORTHERN**
  **INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Cecil W. Heaton, Esquire

I hereby certify that on December 20, 2017, I served the same document by U.S. Mail on the following, who are not registered participants in the ECF system:

Cindy Roberts, Court Clerk          *VIA U.S. MAIL*
Garvin County District Court
201 W. Grant St.
Pauls Valley, OK 73075

*s/ Brad L. Roberson*
For the Firm